UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RICHARD PAGE McCLAIN,

     Petitioner,                                  Case No. 11-11657

v.

STEVEN RIVARD,                             HON. AVERN COHN

     Respondent.

_____/


## ORDER GRANTING PETITIONER'S MOTION TO HOLD THE CASE IN ABEYANCE
### (Doc. 11)
### AND
### ADMINISTRATIVELY CLOSING THE CASE

### I.  Introduction

     This is a habeas case under 28 U.S.C. § 2254.  Richard Page McClain,

(Petitioner), is a state inmate at the St. Louis Correctional Facility in St. Louis, Michigan.

Petitioner has filed a *pro se* petition for a writ of habeas corpus challenging his

convictions for first-degree felony murder, two counts of assault with intent to rob while

armed, felon in possession of a firearm, and felony-firearm.  Petitioner has also filed a

"Motion to Hold Petition For Writ of Habeas Corpus in Abeyance" so that he can return

to the state courts to present additional claims that have not been exhausted with the

state courts and are not included in his current habeas petition.  For the reasons that

follow, the motion will be granted.

### II.  Background

     Petitioner was convicted of the above offenses following a bench trial in the

Wayne County Circuit Court.  Petitioner's conviction was affirmed on appeal. *People v. McClain,* No. 286952 (Mich. Ct. App. Dec. 17, 2009); *lv. den.* 486 Mich. 903 (2010).

On April 8, 2011, petitioner filed a petition for writ of habeas corpus with this Court, in which he seeks habeas relief on the three claims that he raised before the Michigan courts on his direct appeal.[1]  Petitioner now seeks to return to the state courts to exhaust additional claims which are not included in the current habeas petition.

### III.  Discussion

A federal district court has authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998).  However, to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances.  *Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); *Hudson v. Martin,* 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999).  A federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts.  *See Bowling v. Haeberline,* 246 Fed. Appx. 303, 306 (6th Cir. 2007)(A habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served")

Here, Petitioner is entitled to a say while he returns to the state courts to exhaust these additional claims.  The outright dismissal of the petition, albeit without prejudice,

---

[1]  Under the prison mailbox rule, the Court will assume that petitioner actually filed his habeas petition on April 8, 2011, the date that it was signed and dated.  *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

2

might result in preclusion of consideration of the Petitioner's claims due to the expiration of the one year statute of limitations under 28 U.S.C. § 2244(d)(1).  A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the statute of limitations.  *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002).

The Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)).  A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless."  *Rhines,* 544 U.S. at 278.

Petitioner's claims do not appear to be "plainly meritless." *Wagner v Smith,* 581 F. 3d 410, 419 (6th Cir. 2009).  Further, Petitioner may assert that he did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel.  *Id.,* at 419, nn. 4 and 5.  Finally, it does not appear that Petitioner has engaged in "intentionally dilatory tactics."

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back."  *Rhines,* 544 U.S. at 278.  To ensure that petitioner does not delay in exhausting his state court remedies, the Court will impose

3

upon petitioner time limits within which he must proceed.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

### IV. Conclusion

Accordingly, Petitioner's motion is GRANTED.  Further proceedings in this case are STAYED pending exhaustion of state court remedies.  The case shall be stayed provided that:  (1) Petitioner presents his unexhausted claims to the state court[2] within sixty (60) days from the date of this order, and (2) Petitioner returns to this Court to request that the stay be lifted within sixty (60) days of exhausting state court remedies.  Petitioner is free at that time to file an amended habeas petition which contains newly exhausted claims.  "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed."  *Palmer*, 276 F. 3d at 781 (internal quotation omitted).

To avoid administrative difficulties, the Clerk of Court shall CLOSE this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

Upon receipt of a motion to reinstate the habeas petition following exhaustion of

---

[2]The Michigan Court Rules provide a process through which petitioner may raise his unexhausted claims.  Petitioner can file a post-conviction motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal.  M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302.  To obtain relief, petitioner will have to show cause for failing to raise his unexhausted claims on his appeal of right to the Michigan Court of Appeals and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3).

state remedies, the Court may order the Clerk to reopen this case for statistical

purposes.

**SO ORDERED.**

s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  November 7, 2011


I hereby certify that a copy of the foregoing document was mailed to Richard McClain, 664294, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880 and the attorneys of record on this date, November 7, 2011, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5160

5